*In re* DIDFIRRI *et al.*

(*Circuit Court, S. D. New York.* ———.)

IMMIGRATION—CONTRACT LABOR—HABEAS CORPUS TO REVIEW COMMISSIONER'S DECISION.
On preliminary inquiry by the inspection officers, certain immigrants stated that their passage was paid for them, and that they came under an engagement to work on a railroad in Ohio for 7 francs a day; but on a subsequent special inquiry they retracted these statements. *Held*, that there was competent evidence tending to show that they had come in violation of the restriction act, and the court had no jurisdiction to review by *habeas corpus* the commissioner's decision ordering them to be taken back.

Application for Writ of *Habeas Corpus*.

The relators, 36 immigrants, arriving at the port of New York, were prevented from landing by the acting commissioner of immigration. Upon their arrival they stated, in response to the inquiries of the inspection officers, that their passage was paid for them, and that they had been engaged in Italy to work on a railroad in Ohio for a compensation of seven francs a day. Subsequently, upon a special inquiry, they retracted these statements. The commissioner of immigration having directed the master of the ship to take them back, they obtained a writ of *habeas corpus* to review his action.

LACOMBE, Circuit Judge, (*orally.*) It appears in this case that upon the arrival of these immigrants the inspection officers made inquiries of them touching the circumstances under which they had come to this country. In reply to these questions, answers were given, which were reduced to writing in the form of affidavits, were translated to the immigrants, and were by them sworn to. These statements of the immigrants were certainly competent evidence for the commissioner of immigration to take into consideration in determining whether or not they should be permitted to land. They make out a case which would warrant the finding that their transportation to this country was paid for with the money of another, and that they came under an agreement, made previous to their emigration, to perform labor in the United States. Subsequently a special inquiry into their several cases was conducted by the commissioner of immigration, and the testimony taken on that inquiry contradicts their statements upon preliminary examination. In this respect these cases differ from that of *In re Feinknopf*, 47 Fed. Rep. 447, in which Judge BENEDICT filed the opinion referred to on the argument. In that case there was no evidence whatever, either in the preliminary examination or the special inquiry, tending to show that the immigrant was within one of the prohibited classes. Here, however, there is evidence which, standing alone, would fairly warrant the conclusion that these immigrants have come here in violation of the statute. That being so, it is not the part of the court to look any further to see if there is any additional evidence contradicting that, and to weigh all

the testimony in the case. Appellate tribunals have been created by the immigration law to correct any errors of the commissioner of immigration in cases where there is conflicting testimony. Where there is some competent evidence before the commissioner sustaining his ruling, this court will not interfere because there was also before him contradictory testimony, which he apparently disbelieved.

The writ is dismissed.